# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LEE BLACK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. BARAJAS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-00813-SKO PC<br><br>FIRST SCREENING ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 8)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.	Screening Requirement and Standard**

Plaintiff Mark Lee Black, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 19, 2011. Now pending before the Court is Plaintiff's amended complaint, filed on May 31, 2011.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

///

---

[1] Plaintiff failed to sign his original complaint and it was stricken from the record.

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Eighth Amendment Failure-to-Protect Claim**

Plaintiff brings this action against Correctional Officers J. Barajas and A. Leon and inmates Castellon and Adame. Plaintiff alleges that he was attacked by inmates Castellon and Adame when he was coming in from the yard at Wasco State Prison, and he holds Officers Barajas and Leon accountable for allowing the attack to happen.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Simmons

///

v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer at 847; Hearns at 1040.

Plaintiff's conclusory allegations are insufficient to support a plausible claim for relief against Defendants Barajas and Leon for violation of the Eighth Amendment. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969. The threat to Plaintiff's safety by inmates Castellon and Adame is sufficient to meet the objective element of a claim, but Plaintiff must allege sufficient facts to support the subjective element, which is that Defendants Barajas and Leon knowingly disregarded an excessive risk of harm to Plaintiff's safety. The allegations of lack of professionalism and a "belief" that the officers acted improperly do not suffice.

Further, there is no factual support for a claim that inmates Castellon and Adame, who are private parties, were acting under the color of state law and therefore, Plaintiff may not seek to impose liability on them under section 1983. Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

**III.   Conclusion and Order**

Plaintiff's amended complaint fails to state a claim under section 1983. The Court will provide Plaintiff with one opportunity to file a second amended complaint, if he believes in good

1  faith he can cure the deficiency identified above.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.
2  2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature
3  of this suit by adding new, unrelated claims in his second amended complaint.  George v. Smith, 507
4  F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

5        Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state
6  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,
7  556 U.S. at __, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be
8  [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555
9  (citations omitted).

10       Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114
11 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be
12 "complete in itself without reference to the prior or superceded pleading," Local Rule 220.
13 Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an
14 amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,
15 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

16       Based on the foregoing, it is HEREBY ORDERED that:

17     1.    The Clerk's Office shall send Plaintiff a complaint form;

18     2.    Plaintiff's amended complaint is dismissed for failure to state a claim upon which
19         relief may be granted under section 1983;

20     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a
21         second amended complaint; and

22     4.    If Plaintiff fails to file a second amended complaint in compliance with this order,
23         this action will be dismissed, with prejudice, for failure to state a claim under section
24         1983.

25

26 IT IS SO ORDERED.

27 **Dated:   March 28, 2012**          **/s/ Sheila K. Oberto**
                                      UNITED STATES MAGISTRATE JUDGE
28